# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHERRY L. FISHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANCE PUBLISHING CORPORATION, )<br>)<br>Defendant. )<br>) | Case No. 1:07-cv-04175<br><br>Magistrate Judge Maria Valdez |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sherry L. Fisher's complaint alleges that Defendant Vance Publishing Corporation unlawfully discriminated against her in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. seq*. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). The matter is now before the Court on Defendant's Motion for Summary Judgment [Doc. No. 48] and Defendant's Motion to Strike Fisher's Purported Affidavit [Doc. No. 61]. For the reasons below, Defendant's Motion to Strike Fisher's Purported Affidavit is denied and Defendant's Motion for Summary Judgment is granted.

## MOTION TO STRIKE[1]

Defendant requests that Fisher's entire affidavit, submitted in support of her response to Defendant's motion for summary judgment as Exhibit G to her Local Rule 56.1 Statement of Additional Facts, be stricken because it is not notarized and does not meet the requirements for

---

[1] The court begins with Defendant's motion to strike because of its potential impact on the court's determination of the material facts underlying the motion for summary judgment.

an unsworn declaration under 28 U.S.C. § 1746. Fisher admits that she inadvertently failed to have her original affidavit notarized and seeks to submit a substantively identical affidavit that is properly notarized. Because Defendant has not identified how Fisher's inadvertent error has prejudiced it in any way, its request that the entire affidavit be stricken is denied. *See Luckie v. Ameritech Corp.*, No. 01 C 86919, 2003 WL 25719855, at *1 (N.D. Ill. Aug. 21, 2003) (refusing to strike an entire affidavit after a party submitted a substantively identical, notarized affidavit).

Alternatively, Defendant requests that certain paragraphs of Fisher's affidavit be stricken because they contradict previous deposition testimony and/or interrogatory answers. A party cannot defeat summary judgment by creating "sham issues of fact with affidavits that contradict their prior depositions." *Ineichen v. Ameritech*, 410 F.3d 956, 963 (7th Cir. 2005) (citation omitted). "Courts generally ignore attempts to patch-up potentially damaging deposition testimony with a supplemental affidavit unless the party offers a suitable explanation – *e.g.*, confusion, mistake or lapse in memory – for the discrepancy." *Stinnett v. Iron Works Gym/Exec. Health Spa, Inc.*, 301 F.3d 610, 614 (7th Cir. 2002) (citation omitted).

Fisher was chosen in January 2006 to serve on a committee to design and implement a work-related awards program. Fisher Aff. ¶ 19. During a committee meeting, Fisher states that she asked Loreen Muzik ("Muzik"), Defendant's Vice President of Human Resources and Facilities, if Defendant was considering creating an award that recognized employee longevity with the company. Fisher Aff. ¶ 20. Fisher says Muzik responded by stating, in effect, "[Bill] Vance[, the owner of Defendant,] doesn't want to give the impression that we're an old company. He wants us to portray ourselves as young and vital." *Id*.

Defendant believes paragraph 20 of Fisher's affidavit contradicts to her prior deposition testimony and interrogatory answers. At her deposition, Fisher was asked, "Did anyone at [Defendant] ever make any inappropriate age-related remarks to you, comments or remarks to you [sic]?" She answered, "No." Fisher Dep. 113: 5-8. Similarly, through an interrogatory, Fisher was asked, "State whether . . . any person employed by or acting on behalf of Defendant made any statement or remark to you, or engaged in any act or practice, which you believe is evidence of discrimination on the basis of age." Def. First Set of Interrog. No. 8. Fisher's answer did not include Muzik's alleged comment.

Fisher submits that there is no contradiction between paragraph 20 and her deposition testimony because she interpreted the deposition question to be limited only to comments made to her regarding her own age (as opposed to comments made to her regarding the ages of any other employees). Fisher Aff. ¶ 22. She says did not identify Muzik's alleged comment previously because she did not think it was directed at her or made in reference to her age.[2] *Id*. The explanation is plausible. In the context of a disparate treatment lawsuit in which Fisher has alleged that Defendant discriminated solely against her on the basis of her age, it is plausible that Fisher could have understood the deposition question and interrogatory at issue to be limited to age-related comments about her own age. Under that reasonable understanding of the questions at issue, she was not called upon to identify Muzik's comment. Paragraph 20 will remain in Plaintiff's affidavit. *See Cowan v. Prudential Ins. Co. of America*, 141 F.3d 751, 757 (7th Cir.

---

[2]Fisher's explanation only accounts for the differences between her affidavit and her deposition testimony. But the deposition question and the interrogatory at issue are virtually identical. Therefore, the Court will consider that explanation to apply to the differences between her affidavit and interrogatory answer as well.

1998) (considering additional evidence contained in an affidavit subsequent to a deposition when the evidence related to an ambiguous deposition question to which the plaintiff gave a reasonable answer).

Likewise, Paragraph 26 of Fisher's affidavit will be allowed. Fisher was asked at her deposition whether she had applied for any jobs after her employment with Vance was terminated. She responded, "no." Fisher Dep. 152: 18-20. Subsequently, in her affidavit, Fisher stated that she "look[ed] for work" during the same time period. Fisher Aff. ¶ 26. Fisher argues, and the Court agrees, that "applying for jobs" and "looking for work" are not one and the same. The Court will not strike the paragraph from Plaintiff's affidavit because it does not contradict previous deposition testimony. Defendant's Motion to Strike Fisher's Purported Affidavit [Doc. No. 61] is denied.

## MOTION FOR SUMMARY JUDGMENT

**I.     Background Facts**[3]

Defendant publishes industry-focused periodicals and marketing materials. Def.'s L.R. 56.1 Statement of Facts ("Def. Facts") ¶ 2. Its Salon Division publishes magazines targeted at salon owners and spa professionals. *Id.* Defendant hired Fisher in 1983, assigned her to the Salon Division a year later, and promoted her to the position of Manager of Business Operations in the Salon Division in 1989. Pl.'s Resp. to Def. L.R. 56.1 and Stmt. of Add'l Facts ("Pl. Facts") ¶ 30. She remained in that position until her employment with Defendant was terminated. *Id.*

---

[3]The facts relied upon are undisputed or have been deemed admitted pursuant to Local Rule 56.1. *See* N.D. Ill. R. 56.1 (b)(3)(B) and (C).

On September 28, 2006, Defendant hired Scot Stevens ("Stevens") to manage the Salon Division. Def. Facts ¶ 5. One of the first tasks Stevens was given as manager was to restructure Defendant's Salon Division as part of a company-wide reorganization. *Id.* ¶ 8. Before doing so, Stevens interviewed each Salon Division employee, including Fisher, and asked about their job duties.[4] *Id.* ¶¶ 5, 8. After Stevens familiarized himself with the division, he learned that many of the duties of the Manager of Business Operations position (held by Fisher) were being consolidated with a position in the accounting department. *Id.* ¶ 8. He also learned that significant elements of the Manager of Business Operations position were being eliminated. *Id.*

After those interviews, Stevens developed a plan to restructure the Salon Division that included creating a new sales representative position. *Id.* ¶ 9. The sales representative position would sell Renew magazine nationally and Modern Salon and Salon Today in the Midwest. *Id.* ¶ 12. Steven also decided to consolidate two part-time sales support positions, those of Sherry Delvecchio ("Delvecchio") and Joan Brandt ("Brandt"), into one full-time sales support position that would continue to provide clerical and administrative support to the Division's sales representatives.[5] *Id.* ¶¶ 8, 9, 12. His plan also eliminated Fisher's position as Manager of Business Operations. *Id.* ¶ 9. Stevens and Muzik informed Delvecchio, aged forty-seven, Brandt,

---

[4]The parties contest what transpired at that meeting. Fisher claims she told Stevens that she had sales experience, and had jointly handled sales to customers in the Midwest territory. Pl. Facts ¶ 46. Meanwhile, Stevens remembers leaving the meeting under the impression that Fisher worked primarily in an administrative, and not sales, role. Def. Facts ¶ 5; Resp. to Pl. Facts ¶ 46.

[5]Before the reorganization, Delvecchio worked part-time out of her home in Arizona and Brandt worked part-time at Defendant's headquarters in Lincolnshire, IL. Def. Facts ¶ 9. Stevens's reorganization plan initially called for the full-time position to be located in Lincolnshire, IL. *Id.* ¶ 11.

5

age sixty-one, and Fisher, age fifty-eight, that their positions had been eliminated on November 9, 2006. Pl. Facts ¶¶ 30, 48[6]; Def. Facts ¶¶ 3, 9.

Although Delvecchio's part-time sales support position was eliminated through the reorganization, Stevens asked Delvecchio to continue working for Defendant (from Arizona) during a short transition period until Defendant filled the full-time sales support position in Illinois. Def. Facts ¶ 11. Meanwhile, Defendant posted a job announcement for the full-time sales support position on its bulletin board and website. *Id.* ¶ 17. Defendant also encouraged Fisher to apply for the position. *Id.* ¶ 16. Fisher refused, even though she knew that, as of November 9, 2006, Delvecchio had only filled the sales support position temporarily, and had not received the job permanently. *Id.* ¶¶ 17, 18; Fisher Dep. 97:13-16. Unlike Fisher, numerous others applied for the position. Def. Facts ¶ 25. Between November 9, 2006 and January 2007, Stevens interviewed approximately six of those applicants. *Id*. Unhappy with those candidates, he offered the full-time position to Delvecchio permanently in January 2007. *Id*. Stevens modified position so that Delvecchio could remain in Arizona. *Id*.

Stevens meanwhile selected Sarah Katherine Cook ("Cook"), age twenty-five, to fill the sales representative position in November 2006. *Id*. ¶ 19; Pl. Facts ¶ 48. Cook had worked in Defendant's marketing research department since January 2004, and her position was not eliminated as part of the reorganization. Def. Facts ¶ 20. As a marketing research employee,

---

[6]Defendant objects to the documents Fisher cites to support her claim that, on November 6, 2006, Brandt was sixty-one years old and Cook was twenty-five as being unauthenticated and inadmissible at trial. But the ages of Brandt and Cook on November 9, 2006 will be information easily introduced at trial, and since Defendant presents no specific indication that the ages of Brandt and Cook on November 9, 2006 as stated by Fisher are suspect, the Court will not deem them inadmissible for purposes of ruling on this motion.

Cook attended eight to ten trade shows, met with clients, and gone on approximately twenty direct sales calls prior to the reorganization. *Id*. She was deeply involved with sales. *Id*. She had also met with Stevens and expressed to him multiple times per week that she was interested in becoming a sales representative. *Id*. ¶ 22.

Fisher concedes that Defendant's reorganization was undertaken for business reasons and was non-discriminatory. *Id*. ¶ 14. Her only claims of discrimination are that she should have received either the sales representative position or the sales support position. *Id*. ¶ 15.

## II. <u>Standard</u>

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001).

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events, and hearsay evidence does not create a genuine issue of material fact. *McKenzie v. Ill. Dep't of Transp.,* 92 F.3d 473, 484 (7th Cir. 1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party may not rest on the pleadings and must instead show that there is a genuine issue of

material fact.'") (citation omitted). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted).

"In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.*, No. 05 C 5675, 2007 WL 781726, at *7 (N.D. Ill. Mar. 12, 2007) (citing *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 898 (7th Cir. 2003). In addition, "[c]onclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir. 2002). Similarly, affidavits or depositions based on speculation, rumor, or conjecture are not sufficient to defeat a properly supported motion for summary judgment. *Karazanos v. Navistar Int'l Transp. Corp.,* 948 F.2d 332, 337 (7th Cir. 1991). Finally, the Court is "'not required to draw every conceivable inference from the record.'" *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir. 2003) (citation omitted).

**III.**   **Fisher's Claims of Discrimination**

Fisher relies on the direct and indirect methods of proof in support of her age discrimination claim. The focus of the direct method of proof is whether the evidence points directly to a discriminatory reason for the employer's action. *Atanus v. Perry*, 520 F.3d 662, 671 (7th Cir. 2008).   Fisher may present direct or circumstantial evidence to support her argument.

8

*See Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 779 (7th Cir. 2007). Direct evidence proves the fact in question "without reliance upon inference or presumption." *Nichols*, 510 F.3d at 781 (citation omitted). Circumstantial evidence allows the trier of fact to infer intentional discrimination by a decisionmaker. *Id*. Such evidence may include: (1) suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group; (2) evidence, whether or not rigorously statistical, that similarly situated employees outside the protected class received systematically better treatment; and (3) evidence that the employee was qualified for the job in question but was passed over in favor of a person outside the protected class and the employer's reason is a pretext. *Atanus*, 520 F.3d at 672.

Under the indirect method of proof, Fisher must create a presumption of discrimination by establishing a *prima facie* case of discrimination. *Id*.; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973). That presumption then shifts the burden to Defendant to provide a legitimate, non-discriminatory explanation for its actions. *Atanus*, 520 F.3d at 672. If Defendant can rebut Fisher's *prima facie* case of discrimination, the burden then shifts back to Fisher to show that Defendant's explanation is pretextual. *Id.*

### A. The Direct Evidence Method

Because Fisher presents only circumstantial evidence to support her claim of discrimination, she can succeed in defeating Defendant's motion for summary judgment only if her evidence creates a "convincing mosaic" that would allow a jury to infer intentional discrimination. *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004). Fisher's

9

circumstantial evidence consists of (1) the comment allegedly made by Muzik at the awards committee meeting, (2) Muzik's allegedly dismissive attitude toward a job description Fisher created for Stevens, and (3) "evidence concerning [Defendant's] behavior toward Brandt." Resp. 6-7.

Fisher says her first piece of evidence, Muzik's alleged comment, showcases Bill Vance's discriminatory animus toward older employees. She argues that, based on the alleged comment, a jury could infer that Bill Vance also expressed similar age-related discriminatory viewpoints to Peggy Walker, Defendant's president, and Stevens. She also believes the alleged comment explains the dismissive manner in which Muzik viewed her updated job description.

Fisher's argument fails to demonstrate a "convincing mosaic." Stray remarks made in the workplace are insufficient to establish that a particular decision was motivated by discriminatory animus unless the Plaintiff shows that (1) that the comment was made by a decisionmaker, (2) around the time of the decision and (3) in reference to the adverse employment action. *See Hemsworth v. Quotesmith.com*, 476 F.3d 487, 491 (7th Cir. 2007). Muzik's alleged comment fails to satisfy these elements. The record demonstrates that Muzik was not the decisionmaker for the allegedly discriminatory adverse actions at issue in this case,[7] the alleged comment was made several months before Fisher's employment was terminated, and was made in reference to a work-related awards program, not the reorganization of Defendant's Salon Division. The

---

[7]The parties agree that Muzik was involved in the decision to terminate Fisher's employment. Pl. Facts. ¶ 48. But Fisher does not allege that the elimination of her job was discriminatory. Def. Facts ¶ 14. Instead, she alleges only that she did not receive the sales representative or full-time sales support positions on account of her age. *Id*. ¶ 15. The decisions to hire Cook and Delvecchio for those positions were made solely by Stevens. *Id*. ¶¶ 19, 25.

alleged comment does not provide a basis upon which a jury could infer that Defendant acted with discriminatory animus toward Fisher during the reorganization.

The rejection of Muzik's alleged comment as evidence of age discrimination greatly affects the remainder of Fisher's evidence because much in the chain of inferences she has offered stems from the comment. Without the jury's ability to infer discriminatory animus toward Fisher from the comment, it would have no basis upon which to infer that Walker and Stevens chose to discriminate against Fisher after hearing Bill Vance express similar discriminatory sentiments about older workers.[8] Similarly, a jury would have no basis to infer that discriminatory animus was the common link between Muzik's alleged comment and her alleged dismissal of Fisher's updated job description. Even conceding that Muzik was dismissive, Fisher's subjective beliefs regarding her updated job description would be insufficient to create a genuine issue of material fact. *See Chicaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997) (plaintiff's subjective interpretation of an employer's statements and actions are not controlling).

Fisher's final piece of evidence concerning Defendant's behavior toward Brandt during the reorganization is unpersuasive. She offers no indication how Defendant's behavior toward Brandt during a reorganization that she believes was not discriminatory, Def. Facts ¶ 14, would lead to an inference that Defendant intentionally chose not hire Fisher for the sales representative or sales support position because of her age. Indeed, Fisher offers no evidence that Brandt ever

---

[8]Fisher's argument on this point is also doomed because she has cited no facts to support the claim that Bill Vance ever made improper comments regarding older workers to Walker or Stevens. *See Mitsui Sumitomo Ins. Co., Ltd. v. Moore Transp., Inc.*, 500 F.Supp.2d 942, 953 n. 15 (arguments relying on facts not addressed in the parties' statements of material facts are waived).

applied for either the sales support or sales representative positions. Ultimately, Fisher's circumstantial evidence fails to create the "convincing mosaic" necessary to establish that age discrimination was the direct reason for Fisher's not getting the two positions at issue in this litigation. She has, therefore, failed to prove her claims of discrimination through the direct method.

### B. Indirect Method

Although unsuccessful with the direct method of proof, Fisher can avail herself of the indirect method of demonstrating a *prima facie* case of age discrimination. If Fisher fails to satisfy her *prima facie* case of discrimination, the Court will not subject Defendant to a pretext inquiry, even though jettisoning the *prima facie* analysis altogether and moving directly to the pretext inquiry is a tempting shortcut in some cases. *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 327 (7th Cir. 2002).

As a preliminary matter, the parties are in dispute as to whether this case is a failure-to-hire case. Defendant argues that this case should be evaluated as a failure-to-hire. Fisher disagrees and argues that this case involves a restructuring in which her job duties were absorbed by other employees. Pl.'s Mem. at 8. Under Fisher's theory, she argues that the appropriate legal analysis requires her to prove a *prima facie* case that: (1) she was forty years old or older at the time her employment was terminated; (2) she was meeting her employer's legitimate expectations, (3) she was discharged and (4) she was treated less favorably than others not in the protected class who were similarly situated. *Id; citing Miller v. Borden, Inc.*, 168 F.3d 308, 313 (7th Cir. 1999). However, Defendant is correct; the *Miller* case is inapposite since it involves a

12

discriminatory discharge allegation. Fisher does not allege a discriminatory discharge. It is undisputed that Fisher's only claims of discrimination are for the alleged failure to transfer/hire her into either the sales representative position or the sales support position. Def. Facts ¶ 15.

Although Fisher casts her claim as "a termination of an employee as part of a corporate restructuring in which the employee's job duties are absorbed by other employees,"(Pl.'s Mem. at 8), the undisputed facts do not support Fisher's position. According to the undisputed facts, Defendant underwent a reorganization resulting in the consolidation and elimination of various positions, including Fisher's position. Def. Facts ¶ 7. As a result, two new positions were created: a sales position and a sales support position. Def. Facts ¶ 9. The full-time sales support position was "created" by consolidating the part-time positions of Delvecchio and Brandt, not Fisher, and the sales representative position was newly created. Def. Facts ¶ 12. Many of Fisher's job duties were assumed by a position in the accounting department, not by the full-time sales support employee. *Id*. ¶ 8. Others were simply eliminated, and absorbed by no one. *Id* Thus, there is no support in the record for Fisher's claim that her position at Defendant was absorbed by the two positions at issue in this litigation.

Because this is not an unlawful termination case, and given Fisher's acknowledgment that her job was not absorbed by the two positions at issue in this case, her claims of age discrimination are appropriately measured as a failure-to-hire case. Under the indirect method, to establish a *prima facie* case of age discrimination for failure-to-hire Fisher must show that she (1) was a member of the protected class, (2) sought positions for which she was qualified, (3) was rejected for those positions and (4) substantially younger, similarly situated persons were hired.

*Sembos v. Philips Components*, 376 F.3d 696, 700 (7th Cir. 2004). The Court will apply this standard to each of the two positions at issue in this litigation.

### 1. **Sales Support Position**

Defendant says that Fisher cannot satisfy the second and fourth prongs of her *prima facie* case. It claims Fisher not only did not apply for the position, but that she also was not similarly situated to Delvecchio, who ultimately received the position.

Fisher admits that Defendant encouraged her to apply for the sales support position. Def. Facts ¶ 16. However, she chose not to do so, and also acknowledged that she never told anyone at Defendant that she was interested in the sales support position, claiming instead that it was "absolutely insulting" that she should not have had to apply for the sales support position because she had "proved [herself]" to Defendant after 23 years of employment. *Id*. ¶¶ 17, 18.

While the Court is sympathetic to Fisher's position in light of her nearly 25 years of service to Vance, this fact does not win the argument for her. To show age discrimination in the context of a reorganization, she must show that she was qualified for and applied for the specific jobs that were available during the reorganization. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 919 (7th Cir. 2000). Fischer must show that she did more than express "a general interest in obtaining some job." *Sauzek*, 202 F.3d at 919 (citation omitted).

The undisputed facts are that Fischer knew that open positions at Defendant were posted, including the sales support position, and that she did not apply or even expressed an interest in any position. Def. Facts ¶ 16, 17, 18, 25. As a result of this inaction Fischer did not establish a

*prima facie* case with respect to the sales support position that Defendant offered to Delvecchio.[9]

Nonetheless, Fisher has also failed to show that she and Delvecchio were similarly situated. *See Balderston*, 328 F.3d at 322. To satisfy the "similarly situated" prong of her *prima facie* case, Fisher must show that she and Delvecchio are directly comparable in all material respects. *See Atanus*, 520 F.3d at 673. Factors relevant to this inquiry include whether the employees reported to the same supervisor, whether they were subject to the same standards, and whether they had comparable education, experience, and qualifications. *Burks v. Wisc. Dept. Of Transp.* 464 F.3d 744, 751 (7th Cir. 2006). She must also show that there are no distinguishing circumstances that exist between the two that legitimately caused Stevens to treat them differently. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000).

There was a legitimate reason why Stevens treated Delvecchio differently than Fisher. After being informed that her position had been eliminated, Delvecchio offered to help Defendant in any way she could during the transition. Def. Facts ¶ 26. Fisher, meanwhile, made no such offer and indeed simply decided she did not want to work for Defendant anymore. *Id*. ¶¶ 17, 18. The differing manners in which Delvecchio and Fisher conducted themselves after being informed that their positions were being eliminated make them materially different. *See Radue*, 219 F.3d at 618-19, *citing Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994) (requiring a showing that ostensibly similar employees conducted themselves in a corresponding

---

[9]Numerous others did apply and Stevens interviewed approximately six of those applicants on behalf of Defendant. Def. Facts 25. Both the receipt of numerous resumes by Defendant and the decision to interview approximately six of those applicants undercut Fisher's claim that the sales support position was filled permanently by Delvecchio in November 2006. But even conceding Fisher's argument, she still has failed to demonstrate, as discussed below, that she and Delvecchio were similarly situated in November 2006.

fashion). Delvecchio and Fisher were not similarly situated at the time Stevens offered the sales support position temporarily to Delvecchio.

Even if Fischer were able to make out a *prima facie* case of discrimination, she would still have to show that Defendant's reasons for refusing to transfer her were a pretext. *McDonnell Douglas*, 411 U.S. at 804. A plaintiff may show pretext with evidence that the employer's explanation is not credible, has no basis in fact, or was not the real reason for its action. *Atanus*, 520 F.3d at 674 (quotations and citations omitted).

Stevens has explained that he offered the sales support job to Delvecchio temporarily based upon her previous experience as a part-time sales support employee and her "willingness to go above-and-beyond what was needed." Def. Facts ¶ 11. Then, Stevens explained that he offered the sales support job to Delvecchio permanently based on her job performance during the transition period. *Id*. ¶ 25. These explanations are legitimate and non-discriminatory.

In response, Fisher makes no effort to counter Defendant's offered explanations as incredible. She does not even dispute them, and therefore clearly fails to "*specifically* refute the facts which allegedly support the employer's proffered reasons." *See Mills v. First Fed. Sav. & Loan Ass'n*, 83 F.3d 833, 845 (7th Cir. 1996) *quoting Collier v. Budd Co.*, 66 F.3d 886, 893 (7th Cir. 1995) (emphasis in original). Thus, even if Fisher could establish a *prima facie* case of age discrimination, she failed to show that Defendant's explanation for not hiring her is pretextual.

### 2. <u>Sales Representative Position</u>

Defendant once again argues that Fisher failed to apply for the sales representative position thereby precluding her claim of age discrimination. *See Sauzek*, at 202 F.3d at 919. It is

Fisher's burden to show that she did apply and was qualified for the position. *Id.* But Fisher has offered up no evidence to establish this prong instead relying upon a legal argument rejected by this Court that Fisher's claims of age discrimination should be governed by the standard set forth in the case of *Miller v. Borden*, 168 F.3d 303 (7th Cir. 1999), a case involving a claim of unlawful termination and which, of course, does not require the plaintiff to show that she applied for the open positions.[10]

Defendant also argues that even if Fisher could demonstrate that she applied for the open positions she has failed to demonstrate that she was qualified. Defendant says Fisher lacked the basic requirements for the sales representative position as she had no background in sales or marketing before coming to work for Defendant in 1983 and had only worked for Stevens for approximately two months before the reorganization decisions were made. But the sales representative job description created for Cook on November 15, 2006 undercuts the argument. According to that job description, the basic "qualifications and requirements" for the job were a "college degree or comparable work experience" and "2-5 years of selling advertising space." Pl. Facts ¶ 50; Ex. L to Pl.'s L.R. 56.1 Stmt of Facts.[11] Fisher would therefore be qualified for the sales representative position if she possessed these attributes.

---

[10] Fisher was aware that Defendant would rely upon the legal position that this case would be governed by the failure-to-hire standard rather that the standard advocated by Fisher. *See* Def's Mem at 4-5. Fisher, thus, has an opportunity to address the record in light of the failure-to-hire standard.

[11] Defendant argues that there is no evidence that Cook's job description was updated to reflect the job duties of the newly created sales representative position but, in doing so, Defendant presents facts that support Plaintiff's stated fact. *See* Cook Dep. II 87:20 - 88:3.

Fisher never earned a college degree but began work in the Salon Division in 1984. Def. Facts ¶ 23; Pl. Facts ¶ 30. During her tenure there, she had visited a customer location, communicated regularly with clients in the Midwest territory, and regularly received phone calls from clients. Pl. Facts ¶ 32. Although it may be true, as Defendant maintains, that her role in the Salon Division was "different than that of a sales person," Resp. to Pl. Facts ¶ 32, the court cannot find, as a matter of law, that Fisher's more than twenty years of work experience in the Salon Division is not comparable work experience to a college degree.

Defendant's argument regarding Fisher's lack of experience in selling advertising is also unpersuasive because it hired Cook for the sales representative position even though she had no previous experience selling advertising space. Pl. Facts ¶ 50. Defendant cannot disregard the stated experience requirement of the position for one candidate and then use the same criterion as the basis for its failure to hire another candidate.

Nonetheless, Fisher must still establish that she was similarly situated in all material respects to Cook at the time Cook was hired. *Atanus*, 520 F.3d at 673. The relevant factors to this inquiry are the same as those stated above. *See supra* at 14-15; *Burks*, 464 F.3d at 751. She must also again show that there are no distinguishing circumstances that exist between the two that legitimately caused Stevens to treat them differently. *Radue*, 219 F.3d at 617-18.

Fisher cannot do this because Cook's job in Defendant's market research department was not eliminated as part of the reorganization. Def. Facts ¶ 20. As a result, Fisher and Cook were never in materially parallel positions, and Cook is not a candidate for comparison. *See Radue*, 219 F.3d at 618. Because Fisher cannot establish that she and Cook were similarly situated, she

cannot establish her *prima facie* case of age discrimination. Defendant is entitled to summary judgment on this issue.

It bears mentioning that, for the same reasons addressed above relating to the sales support position, even if Fisher could establish a *prima facie* case, she cannot establish that Defendant's legitimate, non-discriminatory explanation for choosing Cook instead of her was pretextual.

Stevens has explained that he offered the sales representative job to Cook based on his first-hand observations of her sales abilities, her sales background and experience, her eagerness to sell, and the recognition by other employees of Defendant that she would be a productive sales representative. Def. Facts ¶¶ 20-22. These explanations are legitimate and non-discriminatory.

Fisher again makes no effort to refute them or explain why are incredible, and therefore again fails to "*specifically* refute the facts which allegedly support the employer's proffered reasons." *See Mills v. First Fed. Sav. & Loan Ass'n*, 83 F.3d at 845 (citation omitted) (emphasis in original). Thus, even if Fisher had established a *prima facie* case of age discrimination, she cannot show that Defendant's explanation is pretextual.

### C. Mitigation

The grant of summary judgment on Fisher's age discrimination claims renders Defendant's argument that she failed to mitigate her damages moot.

## CONCLUSION

For the foregoing reasons, Defendant Vance Publishing Corporation's Motion to Strike Fisher's Purported Affidavit [Doc. No. 61] is denied and Defendant's Motion for Summary Judgment [Doc. No. 48] is granted. Accordingly, judgment will be entered in favor of the Defendant and against Plaintiff on all claims.

**SO ORDERED.**

**DATE:** 2/12/10

**ENTERED:**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**